**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 20-cv-21841-MARTINEZ/OTAZO-REYES

SUSAN KHOURY,

   Plaintiff,
v.

MIAMI-DADE COUNTY, a political
subdivision of the State of Florida,
CARMEN MANNING, a resident
of the State of Florida, and DARIUS
MCGAHEE, a resident of the State
of Florida,

   Defendants.   /

**PLAINTIFF'S APPEAL OF THE MAGISTRATE'S ORDER GRANTING MIAMI-DADE COUNTY ACCESS TO THE PRIOR TEN YEARS OF PLAINTIFF'S TAX RETURNS**

Pursuant to Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(C), and Local Magistrate Judge Rule 4(a)(1), Plaintiff, SUSAN KHOURY ("Plaintiff" or "Ms. Khoury"), files this Appeal of the Magistrate's Order granting Miami-Dade County access to the prior ten years of her tax returns. See [D.E. 54]. In support thereof, Ms. Khoury states the following:

**MEMORANDUM OF LAW**

  I.  **Legal Standard.**

Under Rule 72(a) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(C), and Local Magistrate Judge Rule 4(a)(1), any party may appeal an order of a Magistrate Judge within 14 days after being served with a copy of the order. Local Magistrate Judge Rule 4(a)(1) in particular states that the objecting party "shall specifically set forth the order, or part thereof, appealed from a concise statement of the alleged error in the Magistrate Judge's ruling, and statutory, rule, or case authority, in support of the moving party's position." The District Judge

"shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law," or "may also reconsider *sua sponte* any matter determined by a Magistrate Judge under this rule." *Id*.

## II.     The Magistrate's Ruling.

Ms. Khoury believes that the Magistrate erred by requiring her to provide her tax returns to Miami-Dade County.  More specifically, Ms. Khoury asserts that the Magistrate erred by directing Ms. Khoury to "execute IRS Form 4506-T authorizing the release of her tax returns for the past ten years to Defendant Miami-Dade County."

*Background.*

A brief recap of the facts and procedural posture would be helpful to decide this issue. Two Miami-Dade County Police Officers, Carmen Manning and Darius McGahee, confronted Ms. Khoury because a bystander at a baseball field accused her of filming in public.  Officer Manning approached Ms. Khoury and asked her, "Why are you taking photographs?"  Ms. Khoury responded, "I am not standing here taking pictures," and after a brief conversation, Ms. Khoury attempted to walk away.  Both Officers Manning and McGahee grabbed Ms. Khoury and prevented her from leaving.  At one point, Ms. Khoury asked Officer Manning, "Why are you yelling at me?"  Officers Manning and McGahee immediately grabbed Ms. Khoury's arms and quickly threw her to the ground.  Ms. Khoury suffered several small contusions on her eyes, nose and hands from the takedown.   The officers handcuffed Ms. Khoury, placed her in the back seat of their patrol car, and transported her to jail.

Ms. Khoury filed a state law false arrest claim against Miami-Dade County and several federal civil rights claims against the officers in their individual capacities.  Ms. Khoury sought monetary damages for the incident, including pain and suffering and emotional distress.  Ms.

Khoury did not claim lost wages. She had been unemployed since 2002/2003, as she was caring for her sick mother.

Miami-Dade County served Ms. Khoury with Interrogatories and Requests for Production ("RFP") to discover the extent of her injuries. Relevant here, Miami-Dade County requested Ms. Khoury to produce "all documents related to [her] employment and/or income for the past 10 years." Ms. Khoury responded that she had no documents related to her employment and/or income for the past 10 years, as she has not been gainfully employed during that time. Miami-Dade County also served Ms. Khoury with Interrogatories that requested her to list her employment history for the past 10 years. Ms. Khoury again informed Miami-Dade County, under oath, that she has neither been employed nor has she received any wages during the past 10 years. When asked about these very same issues during her seven-hour deposition, Ms. Khoury confirmed several times that she has not been gainfully employed *since approximately 2002/2003*, and that she is not claiming lost wages as a part of her claim of damages against Miami-Dade County.

Ms. Khoury did indicate that she might seek damages for loss of earning capacity as a result of her arrest and booking photograph appearing on numerous online platforms. Ms. Khoury testified that she has applied to several jobs in the last year or so and believed that her arrest record related to this incident had a negative impact on her recent employment opportunities.

In response to Ms. Khoury's deposition testimony, Miami-Dade County served Ms. Khoury with a Second Request for Production, directing her to provide all employee applications that she has filed within the last several years. Ms. Khoury informed Miami-Dade County that she would happily provide the information regarding her recent job applications.

*Tax Returns*

The dispute amongst the party surrounds Ms. Khoury's tax returns. In its Request for Production, Miami-Dade County also requested "copies of [Ms. Khoury's] income tax returns filed by [her] for the past 10 years." In addition to the general objection on relevancy grounds, Ms. Khoury objected to the request as "overbroad and burdensome." Ms. Khoury reiterated that she is not claiming lost wages.

Nevertheless, Miami-Dade County moved to compel Ms. Khoury's tax returns and set it for a telephonic hearing before the Magistrate. At the December 1, 2020 hearing before the Magistrate, Ms. Khoury offered to stipulate in writing that she would not claim lost wages at trial. Ms. Khoury also agreed to limit her argument regarding her loss of earning capacity to the jobs that she recently applied for. Miami-Dade County insisted on receiving Ms. Khoury's tax returns, claiming that they could be relevant regarding her claim to loss of earning capacity. The Magistrate entered an order directing Ms. Khoury to "execute IRS Form 4506-T authorizing the release of her tax returns for the past ten years to Defendant Miami-Dade County," see [D.E. 54], which is the portion of the Magistrate's Order that Ms. Khoury seeks to appeal.

**III.     Argument.**

Federal Rule of Civil Procedure Rule 26(b) permits discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. Pro. 26(b)(1).

For a long time, there was a split of authority as to whether tax returns are entitled to enhanced protection from discovery. *See Campbell v. United States*, No. 08-80713-CIV, 2009 WL 10700928, (S.D. Fla. June 29, 2009). Many prior cases, including some within this District, held that a party seeking disclosure of tax returns must show a compelling need because tax returns are confidential in nature and should be restricted from disclosure. *See Dunkin Donuts, Inc. v. Mary's Donuts, Inc.*, 2001 WL 34079319, *2 (S.D. Fla. Nov. 1, 2001) ("Although tax returns are not privileged, there is a public policy against their disclosure unless (1) it clearly appears that they are relevant to the subject matter of the action, and (2) a compelling need is shown because the information contained therein is not otherwise available."); *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, *1-2 (S.D. Fla. Aug. 29, 2005)("a party seeking the production of tax returns must demonstrate (1) the relevance of the tax returns to the subject matter of the dispute and (2) a compelling need for the tax returns exists because the information contained therein is not otherwise readily obtainable."); *Ruskin v. Greencheck Fan Corp.*, 2009 WL 383349 (S.D. Fla. 2009).[1]

Contrarily, many prior cases decided in this District only required only a showing of relevance. *See United States v. Certain Real Property known as and located at 6469 Polo Pointe Way, Delray Beach, Fla.*, 444 F.Supp.2d 1258, 1263-64 (S.D. Fla. 2006)(holding that no

---

[1] Other Courts around the country have also held that public policy restricts the disclosure of tax returns. See *e.g., Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.,* 2 F.3d 1397, 1411 (5th Cir.1993); *DeMasi v. Weiss,* 669 F.2d 114, 119-20 (3rd Cir. 1982) (noting existence of public policy against public disclosure of tax returns); *Premium Serv. Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir. 1975) (same); *Aliotti v. Vessel Senora,* 217 F.R.D. 496, 497-98 (N.D.Cal. 2003); *Gattegno v. Price Waterhouse Coopers, LLP,* 205 F.R.D. 70, 71-73 (D . Conn. 2001); *Terwilliger v. York Int'l Corp.,* 176 F.R.D. 214, 216-17 (W.D.Va. 1997); *United States v. Bonanno Organized Crime Family of La Cosa Nostra,* 119 F.R.D. 625, 627 (E.D.N.Y. 1988); *E. Auto Distribs., Inc. v. Peugeot Motors of Am., Inc.,* 96 F.R.D. 147, 148-49 (E.D.Va. 1982) (holding either that tax returns are privileged or that public policy restricts their disclosure).

heightened relevancy standard attaches to tax returns); *Bellarosa v. Universal Tile Restoration, Inc.*, 2008 WL 2620735, *2-3 (S.D. Fla. 2008); *Weiner v. Bache Halsey Stuart, Inc.*, 76 F.R.D. 624, 627 (S.D. Fla. 1977)(holding that no privilege attaches to tax returns and that their discoverability turns on relevance).

The most recent decision in this District regarding the discoverability of tax returns found that they are neither privileged nor subjected to a heightened level of disclosure. *See Taylor v. Trapeze Mgmt., LLC*, No. 17-62262-CIV, 2018 WL 9708617, at *5–6 (S.D. Fla. Sept. 11, 2018). In *Taylor*, the Magistrate found that "the Eleventh Circuit explicitly has declined to impose such a standard." *Id.* at 5 *citing Erenstein v. S.E.C.*, 316 Fed. A'ppx. 865, 869-70 (11th Cir. 2008)("[I]n civil cases, we have not required a showing of compelling need before tax information may be obtained by a party in discovery, but instead have determined that such information need be only arguably relevant.").

Nevertheless, "while tax returns are not privileged, nor is a request for their production subject to a heightened standard, the court must determine whether the tax returns are relevant." *Taylor*, 2018 WL 9708617, at *5. In *Taylor*, the court decided whether several plaintiffs tax returns were relevant where they only sought compensation for "the unauthorized use of their images and not damages for lost [wages]." The *Taylor* court held:

> Rule 26 requires that discovery demands not only be relevant to the claims and defenses in the case, **but also must be proportional "to the needs of the case,"** Fed. R. Civ. P. 26(b)(1), and the Court finds that information about Plaintiffs' dependent children, spousal income, healthcare expenses, and payment from unrelated business interests is neither relevant to this dispute nor proportional to the needs of this case. Accordingly, the Court directs that prior to production of the requested tax returns, Plaintiffs are entitled to redact information which they deem irrelevant. In the event that the Defendants challenge any such redaction, the parties are directed to meet in person within seven days of production of the tax returns to review the issues, and shall promptly submit a joint statement to the Court as to any remaining areas of disagreement.

(emphasis added).

In a case related to *Taylor* in the Middle District of Florida, some of the same plaintiffs in *Taylor* sued another alleged infringer of Plaintiffs' images. *See Lancaster v. Harrow*, No. 8:17-cv-634-T-33JSS, 2018 WL 340119 (M.D. Fla. Jan. 9, 2018).  The *Lancaster* court determined that a request for the plaintiffs' income tax returns was "overly broad because what is relevant is Plaintiffs' income from modeling jobs." *Id.* In *Lancaster*, the plaintiffs had produced W-2 and 1099 tax forms, which the court found sufficient.  The court declined to compel production of the tax returns upon a finding that "[i]ncome from other, unrelated sources is irrelevant, and therefore tax forms showing these unrelated sources and tax returns showing income totals are irrelevant." *Id*.

Here, nothing in Ms. Khoury's tax returns for the last ten years are remotely connected to her claim of loss of earning capacity because she did not work during that timeframe.  Ms. Khoury's tax returns are simply irrelevant.  The Magistrate's order is overbroad because it requires Ms. Khoury to produce information that it totally unrelated to her sources of income, or lack thereof.  Additionally, ten years of records is overbroad for a person who has not been gainfully employed since 2002/2003.  Accordingly, the Magistrate erred in ordering Ms. Khoury to produce said tax returns without any protection of other irrelevant information contained therein.

## **CONCLUSION**

Wherefore, Plaintiff, Susan Khoury, respectfully request that this Honorable Court reverse the Magistrate's order and either preclude Miami-Dade County from accessing her tax returns or allow Ms. Khoury to redact all irrelevant information.

**Dated**: December 15, 2020.

Hilton Napoleon II, Esq. FBN 17593
RASCO KLOCK PEREZ NIETO
2555 Ponce De Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7100
Facsimile: 305.675.0850
hnapoleon@rascoklock.com


By: */s/ Hilton Napoleon, II*
      Hilton Napoleon, II

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 15, 2020, that a true and correct copy of the foregoing Appeal was served electronically via the Court's CM/ECF system upon the parties who are currently on the list to receive e-mail notice/service for this case and on the parties identified in the service list below.

By: */s/ Hilton Napoleon, II*
Hilton Napoleon, II